# EXHIBIT A

| | |
|---|---|
| 1<br>2<br>3<br>4 | DENTE LAW, P.C.<br>MATTHEW S. DENTE (SB# 241547)<br>5040 Shoreham Place<br>San Diego, CA 92122<br>Telephone:     619.550.3475<br>Facsimile:      619.342.9668<br>matt@dentelaw.com |
| 5<br>6<br>7<br>8 | MESERVY LAW, P.C.<br>LONDON D. MESERVY (SB# 216654)<br>401 West A Street, Suite 1712<br>San Diego, CA  92101<br>Telephone:     1-858-779-1276<br>Facsimile:      1-866-231-8132<br>london@meservylawpc.com |
| 9<br>10 | Attorneys for Plaintiff Jill Kathleen Bentley<br>and for Members of the Class, Paystub Subclass,<br>and Waiting Time Subclass |

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/15/2019** at 06:50:39 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

CENTRAL DIVISION

| | |
|---|---|
| JILL KATHLEEN BENTLEY,<br><br>             Plaintiff<br><br>       v.<br><br>NAVIHEALTH, INC. AND DOES 1-10, INCLUSIVE,<br><br>             Defendants. | CASE NO.   37-2019-00025046-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) FAILURE TO PROVIDE MEAL PERIODS;**<br><br>**(2) FAILURE TO PROVIDE REST PERIODS;**<br><br>**(3) FAILURE TO PAY OVERTIME WAGES;**<br><br>**(4) FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS;**<br><br>**(5)  FAILURE TO PAY ALL WAGES ON SEPARATION; AND**<br><br>**(6) UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

1.

**COMPLAINT FOR DAMAGES**

1    COMES NOW Plaintiff Jill Kathleen Bentley ("Plaintiff"), and asserts claims against NaviHealth, Inc. ("NaviHealth") and Does 1-10, inclusive (collectively "Defendants").

**VENUE**

1. This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes, and based thereon alleges, that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

2. This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

3. Venue is proper in this Court because, upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and the acts or omissions alleged herein took place in this County among others. Further, venue is proper in this judicial district, pursuant to Code of Civil Procedure §395. NaviHealth is a foreign corporation that is qualified to do business in the State of California but failed to designate a principal place of business in the State of California on its Statement of Information filed with the California Secretary of State. Consequently, Defendants are subject to suit in any county in the State of California that Plaintiff chooses. As such, venue is proper in San Diego County. *See Easton v. Sup.Ct. (Schneider Bros., Inc.)* (1970) 12 Cal.App.3d 243, 246-247.

**PARTIES**

4. Plaintiff Jill Bentley is, and at times mentioned in the Complaint was, a resident of Kern County, California. Plaintiff was employed by NaviHealth as a Care Coordinator in California from in or about February 2015 through in or about October 2017.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein Defendant NaviHealth, Inc. is a corporation organized and existing under the laws of Delaware, and was at all times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein NaviHealth did and continues to transact business in California.

6. Whenever in this Complaint reference is made to any act, deed, or conduct of NaviHealth, the allegation means that NaviHealth engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of NaviHealth.

7. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive and therefore sues said defendants (the "Doe Defendants") by such fictitious names. Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

8. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of NaviHealth, and of each other; that NaviHealth and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to Plaintiff and Members of the Class and Subclasses to the extent of the liability of NaviHealth as alleged herein.

9. Plaintiff is further informed and believes and thereon alleges that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees/agents of, such individuals at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

**CLASS ACTION ALLEGATIONS**

10. Plaintiff brings this action on her own behalf, as well as on behalf of all other persons similarly situation, and thus, seeks class certification under California Code of Civil §382.

11. All claims alleged herein arise under California law for which Plaintiff seeks relief as

3.

authorized by California law.

12. The proposed Class is comprised of and defined as:

*Any and all persons who are or were employed by Defendants as Care Management Employees[1] in the State of California within the four years prior to the filing of the original complaint in this action until resolution of this lawsuit (herein collectively referred to as the "Class" or "Class Members").*

13. The proposed Paystub Subclass is comprised of and defined as:

*All Class Members employed by Defendants at any time within three years prior to the filing of the original complaint in this action until resolution of this lawsuit (collectively "Paystub Subclass Members").*

14. The proposed Waiting Time Subclass is comprised of and defined as:

*All Class Members whose employment with Defendants ended at any time within three years prior to the filing of the original complaint in this action until resolution of this lawsuit (collectively "Waiting Time Subclass Members").*

15. There is a well-defined community of interest in this litigation and the Class and Subclasses are easily ascertainable as set forth below:

(a) <u>Numerosity</u>: The members of the Class and Subclasses are so numerous that joinder of all Class members and Subclass Members would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be greater than fifty individuals, and each Subclass is estimated to be greater than twenty-five individuals. The number of employees in the Class and each Subclass and the identity of those individuals is readily ascertainable by inspection of Defendants' employment records.

---

[1] Care Management Employees include all employees occupying the various job titles categorized under Defendant's "Clinical" job family, including but not limited to the following job titles: "Care Coordinator," including the job titles "Pre-Service Care Coordinator," "Flex Team Pre-Service Care Coordinator," "Patient Care Coordinator," "Inpatient Care Coordinator," "Skilled Inpatient Care Coordinator," "Transitional Care Coordinator," "Telephonic Care Coordinator," "UM Care Coordinator," and "Post-Acute Care Coordinator"; "Case Manager" or "Care Manager," including the job titles "High Risk Case Manager," "Intensive Case Manager," "Clinical Care Manager"; "Utilization Review Coordinator"; and "Quality Improvement Organizational Appeals Coordinator." The practice of assigning arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. *See Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 433 (D.N.M. 2018) (conditionally certifying class of managed care workers employed under job titles that included the terms "Care Coordinator" or "Care Manager" and rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in thirty-six job titles containing the terms "Care Coordinator" or "Care Manager").

4.

(b) <u>Typicality</u>: Plaintiff is qualified to and will fairly and adequately protect the interest of each Class Member and Subclass Member. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any Class Member and/or Subclass Member, and the relief sought is typical of the relief which would be sought by each of the Class Members and/or Subclass Members in separate actions. All Class Members and Subclass Members have been similarly harmed by being denied wages, including premium/overtime wages and meal and rest breaks. All Paystub Subclass Members have been harmed by denial of compliant itemized wage statements. All Waiting Time Subclass Members have been harmed by Defendants' failure to pay them all wages owed on separation of employment. Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member and Subclass Member.

(c) <u>Adequacy</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member and Subclass Member. Plaintiff acknowledges she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member and/or Subclass Member. Plaintiff's attorneys and the proposed Class and Subclass counsel are versed in the rules governing class action discovery, certification, and settlement and experienced in handling such matters.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of the Class Members' and/o Subclass Members' rights and the disposition of their interests through actions to which they were not parties.

5.

**COMPLAINT FOR DAMAGES**

  (e) <u>Public Policy Considerations</u>:  Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.

16. There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

  (a) Whether, due to the practice of universally classifying Class Members as exempt from overtime, Defendants failed to pay legally required premium overtime compensation to Plaintiff and Class Members for hours Plaintiff and Class Members worked in excess of eight (8) hours per day, forty (40) hours per week, and twelve hours per day;

  (b) Whether Defendants failed to provide meal periods and rest breaks in accordance with California Labor Code §§ 226.7 and 512 and the applicable California Industrial Welfare Commission ("IWC") Wage Order;

  (c) Whether Defendants failed to pay Plaintiff and Waiting Time Subclass Members all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ;

  (d) Whether Defendants complied with the wage reporting requirements of the California Labor Code, including, but not limited to, § 226, with respect to Plaintiff and Paystub Subclass Members;

  (e) Whether Defendants' conduct was willful and/or reckless;

  (f) Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§ 17200, et seq.; and

  (g) The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

6.

**COMPLAINT FOR DAMAGES**

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

18. Plaintiff was employed by NaviHealth as a Care Coordinator in California from in or about February 2015 through in or about October 2017.

19. At all material times hereto, Plaintiff performed her essential job duties and responsibilities as expected by Defendants.

20. At all times relevant to Plaintiff's Causes of Action, including for the four year period prior the filing of the original complaint in this Action, Defendants classified Plaintiff and Class Members as exempt from the overtime requirements of the applicable California Industrial Welfare Commission ("IWC") Wage Order and the California Labor Code despite the fact that, among other considerations, Plaintiff and Class Members, did not manage any employees, did not exercise discretion or independent judgment as defined by California law, and regularly performed non-exempt work in excess of 50% of the time.

21. In fact, Plaintiff and Class Members spent well over 50% of their time performing non-exempt and non-discretionary routine tasks, including asking standardized questions to document the medical circumstances of individuals; inputting answers to those questions into Defendants' computerized evaluation software; following established guidelines designed to maximize utilization of health plan resources through the application of predetermined criteria; coordinating care by performing ministerial tasks, including arranging appointments, referrals, and obtaining necessary authorizations from individuals; supplying individuals with additional information and resources to educate them about their health plan; and other similar work.

22. Plaintiff and Class Members did not perform job duties that involved providing traditional nursing care in a clinical setting or providing direct medical care to individuals.

23. At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day, twelve (12) hours in a day, forty (40) hours in a week, and on a seventh consecutive day - and were not paid overtime or double-time compensation.

24. At all times relevant, Plaintiff and Class Members were regularly unable to take an

initial meal period of thirty uninterrupted minutes before their fifth hour of work because the workload assigned to Plaintiff and Class Members did not so permit and because Defendants made no effort to provide said opportunity. In addition, on days where Plaintiff and Class Members worked over ten (10) hours in a work day, a second uninterrupted meal period of thirty minutes was not provided. Plaintiff and Class Members did not waive their meal period entitlements. Plaintiff and Class Members were not provided with an extra hour of compensation for each day in which a meal period was not provided.

25. At all times relevant, Defendants did not provide Plaintiff and Class Members with ten (10) minute paid rest breaks for every four hours worked or major fraction thereof. Plaintiff and Class Members were not provided with an extra hour of compensation for each day in which a rest break was not made available/provided.

26. At all times relevant, Defendants provided Plaintiff and Paystub Subclass Members with wage statements that failed to: (1) show the actual number of hours worked; (2) the number of overtime hours worked; (3) all applicable hourly rates; (4) all applicable overtime rates; and (5) accurate accounts of gross and net wages earned by Plaintiff and Paystub Subclass Members. Plaintiff and Paystub Subclass Members suffered actual damages as a result of Defendants' failure.

27. During the relevant time frame, including throughout the three-year period preceding the filing of the original complaint in this action, Defendants willfully failed to pay Class Members whose employment separated (including Plaintiff) all earned and due wages on separation or within seventy-two (72) hours after resignation without notice as required by California Labor Code §§ 201 and 202.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members entitled to receive overtime/double-time compensation and that they were denied said compensation.

30. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to

8.

COMPLAINT FOR DAMAGES

Plaintiff's Causes of Action, Defendants knew that they had a duty to: (1) compensate Plaintiff and Class Members with premium overtime wages; (2) provide Plaintiff and Class Members with meal periods and rest breaks; (3) pay Plaintiff and Waiting Time Subclass Members all their wages on separation; and (4) provide Plaintiff and Paystub Subclass Members itemized wage statements containing the information stated in Labor Code § 226(a). Defendants had the financial ability to comply with the foregoing requirements, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and Class Members that they were properly denied premium overtime wages, meal periods, and rest breaks (or pay in lieu thereof), all in order to increase Defendants' profits.

### FIRST CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS

**(By Plaintiff and Class Members Against All Defendants)**

31. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

32. Plaintiff and Class Members regularly worked in excess of five hours a day without being afforded at least a half-hour meal period in which they were relieved of all duties, as required by California Labor Code §§ 226.7 and 512, and the relevant IWC Wage Order.

33. Plaintiff and Class Members regularly worked in excess of ten (10) hours a day without being afforded a second half-hour meal period in which they were relieved of all duties, as required by California Labor Code §§ 226.7 and 512, and the relevant IWC Wage Order. Plaintiff and Class Members were not paid the premium pay required by Labor Code §226.7 for the aforementioned violations. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

34. Defendants are liable to Plaintiff and Class Members for one hour of additional pay at their regular rate of compensation for each workday that they were not provided with proper meal periods pursuant to Labor Code § 226.7.

//

//

//

## SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS

**(By Plaintiff and Class Members Against All Defendants)**

35. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

36. Plaintiff and Class Members regularly worked in excess of three and a half hours a day without being afforded at least a paid 10-minute rest period in which they were relieved of all duties, as required by California Labor Code § 226.7 and the relevant IWC Wage Order.

37. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required paid rest periods under the IWC wage order applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. Plaintiff and Class Members were not paid the premium pay required by Labor Code §226.7 for the aforementioned violations. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

38. Defendants are liable to Plaintiff and Class Members for one hour of additional pay at their regular rate of compensation for each workday that they were not provided with proper rest periods pursuant to California Labor Code § 226.7.

## THIRD CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and Class Members Against All Defendants)**

39. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

40. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC without paying them the proper overtime compensation as required by the IWC and California law.

41. At all times relevant, the IWC Wage Order applicable to Plaintiff and Class Members provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a

1  rate of two times her or her regular rate of pay.

2  42. California Labor Code § 510 codifies the right to overtime compensation at the rate of time-and-one-half of the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

43. At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day.

44. At all times relevant, Defendants failed to pay overtime wages owed to Plaintiff and Class Members.

45. At all times relevant, Plaintiff and Class Members regularly performed non-exempt work in excess of 50% of the time, and thus were subject to the overtime requirements of the applicable IWC Wage Order and the California Labor Code.

46. Defendants' failure to pay Plaintiff and Class Members overtime compensation for overtime hours worked violates the applicable IWC Wage Order and California Labor Code §§ 510 and 1198 and is therefore unlawful.

47. Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the amounts owed.

48. Under California Labor Code § 1194 and 510, Plaintiff and Class Members are entitled to recover her unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## FOURTH CAUSE OF ACTION FOR FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS

**(By Plaintiff and Paystub Subclass Members Against All Defendants)**

49. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

50. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall … at the time of each payment of wages, furnish each of his

11.

or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." California Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

51. Within the three-year period prior to the filing of this Complaint, Defendants knowingly and intentionally failed to furnish Plaintiff and Paystub Subclass Members compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a). Specifically, the wage statements Defendants provided to Plaintiff and the Paystub Subclass violated California Labor Code §226(a) because they failed to: show the actual number of hours worked, the number of overtime hours worked, all applicable hourly rates, all applicable overtime rates, and accurate accounts of gross and net wages earned by Plaintiff and Paystub Subclass members.

52. California Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

53. California Labor Code § 226(e)(2)(B) states in pertinent part "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: … (i) …any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…." Further, Plaintiff

12.

and Paystub Subclass Members were injured and suffered actual damages as a result of these failures because, among other things, the failures led them to believe that they were not entitled to be paid wages for overtime they were so entitled. Also, Defendants' failure to comply with Labor Code § 226(a) hindered Plaintiff and Paystub Subclass Members from determining the amounts of wages actually owed them.

54. Defendants knowingly and intentionally failed to furnish Plaintiff and Paystub Subclass Members with compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a).

55. Plaintiff and Paystub Subclass Members were injured and damaged by Defendants' failure to comply with California Labor Code §226(a) and, accordingly, are entitled to recover statutory penalties, actual damages, attorneys' fees, and costs under Labor Code § 226(e).

## FIFTH CAUSE OF ACTION FAILURE TO TIMELY PAY WAGES DUE

**(By Plaintiff And Waiting Time Subclass Members Against All Defendants)**

56. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

57. California Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

58. Because Defendants willfully and illegally failed to pay Plaintiff and Waiting Time Subclass Members premium overtime wages owed to them at all times relevant and wages owed under Labor Code § 226.7, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Waiting Time Subclass Members their wages, earned and unpaid, at the time of their discharge from Defendants' employ.

59. As a result, Defendants are liable to Plaintiff and Waiting Time Subclass Members for waiting time penalties under California Labor Code §203, in an amount according to proof at the time of trial.

### SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### (By Plaintiff and Class Members Against All Defendants)

60. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

61. A violation of California Business and Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. Here, Defendants' employment policies and procedures including, but not limited to, their failure to pay Plaintiff and Class Members premium overtime wages and pay Plaintiff and Class Members premium pay required by Labor Code §226.7 for Defendants' failure to provide meal and rest periods violates the IWC Wage Order applicable to Plaintiff and Class Members as well as California Labor Code §§ 226.7, 510, 512 and 1198, and constitutes unfair competition and unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, et seq.

62. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

63. Plaintiff and Class Members were personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

64. Under California Business and Professions Code §§ 17200, et seq., Plaintiff and Class Members are entitled to restitution of the premium overtime wages and meal period/rest break premium pay unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, and an award of costs.

//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### On The First Cause of Action

1. Compensation under Labor Code § 226.7 equal to one (1) hour of premium pay for each day in which a required meal period was not provided to Plaintiff and Class Members;
2. For reasonable attorney's fees and costs incurred by Plaintiff and Class Members;
3. For interest as permitted by law; and
4. For such other and further relief as the Court deems proper.

### On The Second Cause of Action

1. Compensation under Labor Code § 226.7 equal to one (1) hour of premium pay for each day in which a required rest period was not provided to Plaintiff and Class Members;
2. For reasonable attorney's fees and costs incurred by Plaintiff and Class Members;
3. For interest as permitted by law; and
4. For such other and further relief as the Court deems proper.

### On The Third Cause of Action

1. For compensatory damages in an amount equal to the amount of unpaid overtime compensation owed to Plaintiff and Class Members;
2. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;
3. For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and
4. For such other and further relief as the Court deems proper.

### On the Fourth Cause of Action

1. For statutory damages measured at $50 for the first violation, and $100 for every subsequent violation, for Plaintiff and Paystub Class Members under California Labor Code § 226(e);
2. For actual damages according to proof;

15.

3. For reasonable attorneys' fees and costs under California Labor Code § 226(e); and

4. For such other and further relief as the Court deems proper.

On The Fifth Cause of Action

1. For statutory penalties under California Labor Code §203;

2. For pre-judgment interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On The Sixth Cause of Action

1. That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their failure to pay premium overtime wages over the last four (4) years in an amount according to proof;

2. That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

4. For reasonable attorneys' fees under California Code of Civil Procedure §1021.5;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems proper.

//
//
//
//
//
//
//
//

## DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclasses request a jury trial in this matter.

Dated: May 15, 2019

DENTE LAW, P.C.
MESERVY LAW, P.C.

By: _____
~~LONDON D.~~ MESERVY (SB# 216654)

Attorneys for Plaintiff Jill Kathleen Bentley and for Members of the Class, Paystub Subclass, and Waiting Time Subclass