UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL KATHLEEN BENTLEY,<br><br>  Plaintiff,<br><br>v.<br><br>NAVIHEALTH, INC. and DOES 1–10, inclusive,<br><br>  Defendants. | Case No.: 19-CV-1298 TWR (WVG)<br><br>**ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) CONDITIONALLY APPROVING PROPOSED SETTLEMENT CLASS, (3) AUTHORIZING THE MAILING OF NOTICE OF SETTLEMENT, AND (4) SETTING A FAIRNESS HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>(ECF No. 22) |

Presently before the Court is Plaintiff Jill Bentley's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Mot.," ECF No. 22) in accordance with a Joint Stipulation for Class, Collective, and PAGA Representative Action Settlement and Release (the "Settlement" or "Settlement Agreement"). The Honorable Janis L. Sammartino took the Motion under consideration on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1), (*see* ECF No. 23), following which this Action was transferred to the undersigned. (*See* ECF No. 24.) Having reviewed Plaintiff's Motion,

the Settlement Agreement, and the exhibits and declarations thereto, the Court **ORDERS** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined in the Settlement Agreement shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the Action and the Parties to the Action, including Plaintiff, Class Members, Defendant, and the State of California.

3. It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable. Indeed, the Court recognizes the significant value provided to all Class Members and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues. It appears that the Parties have conducted extensive and costly investigation, informal discovery, research, and litigation such that Class Counsel and Defense Counsel are able reasonably to evaluate their respective positions at this time. It further appears to the Court that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. It also appears that the Parties reached the Settlement as the result of intensive, serious, and non-collusive, arms-length negotiations facilitated by an experienced and neutral mediator. The Court therefore finds on a preliminary basis that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Accordingly, the Court **GRANTS** Plaintiff's Motion.

4. For purposes of this Settlement only, the Court **CONDITIONALLY CERTIFIES** the following two classes of Class Members:

- California Class Members: Any and all persons who are or were employed by naviHealth Inc. as Care Management Employees (which includes all employees occupying the various job titles categorized under naviHealth's "Clinical" job family, including but not limited to the following job titles: Care Coordinator, including the job titles Lead Care Coordinator, Home

Health Care Coordinator, Pre-Service Care Coordinator, Flex Team Pre-Service Care Coordinator, Lead Pre-Service Coordinator, Patient Care Coordinator, Inpatient Care Coordinator, Skilled Inpatient Care Coordinator, Skilled Inpatient and Transitional Care Coordinator, Centralized Care Coordinator, Transitional Care Coordinator, Telephonic Care Coordinator, Telephonic Care Coordinator Team Lead, Regional Care Coordinator, UM Care Coordinator, UM Team Lead, and Post-Acute Care Coordinator; Case Manager or Care Manager, including the job titles High Risk Case Manager, Telephonic High Risk Case Manager and Team Lead, Intensive Case Manager, Clinical Care Manager; Utilization Review Coordinator; and Appeals and Denials Coordinator, Denials Coordinator, Denials-Appeals Team Lead, Quality Improvement Organizational Appeals Coordinator) in the State of California from May 15, 2015 through June 24, 2020 and who have not previously signed a release covering the claims alleged in the *Bentley* Action (*i.e.*, "California Class Members").

- FLSA Class Members:  Any and all persons who are or were employed by naviHealth Inc. as Care Management Employees (which includes all employees occupying the various job titles categorized under naviHealth's "Clinical" job family, including but not limited to the following job titles: Care Coordinator, including the job titles Lead Care Coordinator, Home Health Care Coordinator, Pre-Service Care Coordinator, Flex Team Pre-Service Care Coordinator, Lead Pre-Service Coordinator, Patient Care Coordinator, Inpatient Care Coordinator, Skilled Inpatient Care Coordinator, Skilled Inpatient and Transitional Care Coordinator, Centralized Care Coordinator, Transitional Care Coordinator, Telephonic Care Coordinator, Telephonic Care  Coordinator Team Lead, Regional Care Coordinator, UM Care Coordinator, UM Team Lead, and Post-Acute Care Coordinator; Case Manager or Care Manager, including the job titles High Risk Case Manager,

Telephonic High Risk Case Manager and Team Lead, Intensive Case Manager, Clinical Care Manager; Utilization Review Coordinator; and Appeals and Denials Coordinator, Denials Coordinator, Denials-Appeals Team Lead, Quality Improvement Organizational Appeals Coordinator) in California from May 15, 2015 through June 24, 2020 and who have not previously signed a release covering the claims alleged in the *Mae Barbee, et al. v. naviHealth, Inc.*, Case No. 3:19-cv-00119 putative class and collective action filed in the United States District Court, Middle District of Tennessee on February 6, 2019 and/or *Bentley* Action (*i.e.*, "FLSA Class Members").

Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Classes as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

5. The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement of the Class Member Released Claims or may object to the Settlement of the Class Member Released Claims and appear before this Court. To do so, however, they must follow the procedures outlined in the Settlement Agreement and Notice of Settlement.

6. The Court finds that the notice of settlement that Plaintiff provided to the California Labor and Workforce Development Agency ("LWDA") satisfies the notice requirements of the California Private Attorneys General Act ("PAGA").

7. The Court **APPROVES**, as to form and content, the proposed Notice of Settlement to Class Members and finds that the method selected for communicating the preliminary approval of the Settlement to Class Members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to notice, and therefore satisfies due process.

8. For Settlement purposes only, the Court **APPOINTS** Plaintiff Jill Bentley as class representative in this Action. Further, the Court **PRELIMINARILY APPROVES**

1  the Service Award to Plaintiff in an amount <u>not to exceed Twelve Thousand Dollars</u>
2  <u>($12,000)</u>.  *The Service Award will be subject to final approval of the Court.*

3  9.  For Settlement purposes only, the Court **APPOINTS** London D. Meservy,
4  Meservy Law, P.C., london@meservylawpc.com, 401 West A Street, Suite 1712, San
5  Diego, CA 92101, Telephone: 858.779.1276; and Matthew S. Dente, Dente Law, P.C.,
6  matt@dentelaw.com, 5040 Shoreham Place, San Diego, CA 92122, Telephone:
7  619.550.3475 as Class Counsel for Class Members.  Further, the Court
8  **PRELIMINARILY APPROVES** a Class Counsel Fees Award <u>not to exceed Six Hundred</u>
9  <u>and Seventy Thousand Dollars ($670,000)</u> and a Class Counsel Costs Award <u>not to exceed</u>
10 <u>Thirty Thousand Dollars ($30,000)</u>.  *The Class Counsel Fees Award and Class Counsel*
11 *Costs Award will be subject to final approval of the Court.*

12 10.  The Court **APPOINTS** Simpluris as the Settlement Administrator to
13 administer the Notice of Settlement pursuant to the terms in the Settlement Agreement.

14 11.  To the extent permitted by law, pending a determination as to whether this
15 Settlement should be finally approved, Class Members, whether directly, representatively,
16 or in any other capacity, whether or not such persons have appeared in this Action, shall
17 not institute or prosecute any of the Class Member Released Claims against the Released
18 Parties.

19 12.  No later than <u>thirty (30) calendar days</u> after the entry of the Preliminary
20 Approval Order, Defendant **SHALL PROVIDE** the Settlement Administrator with the
21 Class Information (as defined in the Settlement Agreement).  No later than <u>fourteen (14)</u>
22 <u>calendar days</u> after receipt of the Class Information, the Settlement Administrator **SHALL**
23 **USE** the Class Information to mail the Notice of Settlement to Class Members after
24 conducting a national change of address search and a skip trace for the most current address
25 of all former employee Class Members and will update such addresses as necessary.

26 13.  No later than <u>forty-five (45) calendar days</u> after the date the Settlement
27 Administrator mails the Notice of Settlement to Class Members (*i.e.*, the Response
28 Deadline), any Class Member requesting exclusion from the Settlement **MUST SUBMIT**

his/her Request for Exclusion by mail to the Settlement Administrator as instructed in the Notice of Settlement.  If the Court finally approves this Settlement, Class Members who fail to submit a timely and valid Request for Exclusion on or before the Response Deadline **SHALL BE** Class Members bound by all terms of the Settlement and the Final Approval Order entered in this Action.  To be valid, the Request for Exclusion: (1) must contain the full name, address, and last four digits of the social security number of the person requesting exclusion; (2) must be signed by the person requesting exclusion; and (3) must state in substance:  "I wish to exclude myself from the Class in the *Jill Bentley v. naviHealth Inc.* Action.  I understand that by requesting to be excluded from the Class, I will receive no money from the Settlement."  Any Class Members who submits a timely and valid Request for Exclusion from the Class **WILL NOT BE ENTITLED** to any recovery under the Settlement and **WILL NOT BE BOUND** by the terms of the Settlement as it relates to the Class Member Released Claims.  Any Class Members who submit a timely and valid Request for Exclusion from the Class will not have any right to object, appeal, or comment on the Settlement.

14.   On or before the Response Deadline, any Class Member wishing to object or comment upon the Settlement **MUST SUBMIT** her/his Notice of Objection by filing it with the Court or mailing it to the Court as instructed in the Notice of Settlement.  Class Members who fail to submit a timely and valid Notice of Objection **SHALL BE DEEMED** to have waived any objections and **SHALL BE FORECLOSED** from making any objections to the Settlement.  The Court will consider and rule upon all valid and timely filed and served objections at the Final Approval Hearing.

15.   Plaintiff and Class Counsel's rights to Publicity are limited consistent with the terms of the Settlement Agreement, including, but not limited to, Class Counsel's right to submit declarations in other proceedings for the purposes of establishing their adequacy as class counsel by listing this case as a case in which they were certified as class counsel as long as the representation is accompanied by a statement that the certification was sought as the result of a negotiated Settlement between the parties.

6

19-CV-1298 TWR (WVG)

16.     The Court **SETS** a Final Approval Hearing for <u>May 5, 2021 at 1:30 p.m.</u> in the United States District Court for Southern District of California, Courtroom 3A, 221 West Broadway, San Diego, CA 92101, to consider the fairness, adequacy, and reasonableness of the proposed Settlement, including, without limitation, the: Class Counsel Fees Award, Class Counsel Costs Award, Plaintiff's Service Award, PAGA Award, Settlement Administration Costs, and Individual Settlement Payments to Participating Class Members.

17.     The Parties **SHALL FILE** all papers in support of final approval of the Settlement no later than <u>fourteen (14) days</u> prior to the Final Approval Hearing.

18.     Class Counsel **SHALL FILE** their motion for the Class Counsel Fees Award and Class Counsel Costs Award no later than <u>fourteen (14) days</u> prior to the Final Approval Hearing.

19.     This Settlement is not a concession or admission and shall not be used against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Released Parties.  Whether the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding, or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be: (a) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by Defendant or any of the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage; or (b) disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the Settlement.  The Court's findings are for purposes of conditionally certifying the Class Members in the context of this Settlement and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against Defendant or any of the Released Parties or in this litigation if the Settlement is not finally approved.  If for any reason the Court does not

execute and file a Final Approval Order or if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, the Settlement Agreement and all evidence and proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the Action, as more specifically set forth in the Settlement Agreement, and this Preliminary Approval Order shall be rendered null and void and shall be vacated.

20. Pending further Orders of this Court, all proceedings in this matter except those contemplated in this Preliminary Approval Order and in the Settlement Agreement are **STAYED**.

21. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: December 29, 2020

_____
Honorable Todd W. Robinson
United States District Court