# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL KATHLEEN BENTLEY,<br><br>                    Plaintiff,<br><br>v.<br><br>NAVIHEALTH, INC. and DOES 1–10, inclusive,<br><br>                    Defendants. | Case No.: 19-CV-1298 TWR (WVG)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT**<br><br>(ECF Nos. 28, 29) |

Presently before the Court are Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 29) and Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 28) (collectively, "Motions"). The docket reflects that the Motions are not opposed. The Court preliminarily approved the Settlement on December 29, 2020. (ECF No. 27.) The Court conducted a Final Approval Hearing on May 5, 2021. (ECF No. 30.) No Class Members or objectors appeared at the Final Approval Hearing. The Court has reviewed the Motions and the relevant legal standards, *see e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). For the reasons stated below and on the record at the Final Approval Hearing, the Court **GRANTS** the Motions (ECF Nos. 28, 29) as follows:

      1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiff and Class Members.

3.      Pursuant to the Preliminary Approval Order, the appointed Settlement Administrator, Simpluris, mailed a Notice of Settlement to all known Class Members by First Class U.S. Mail. The Notice of Settlement fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Notice of Settlement further informed Class Members of the pendency of the Action, of the proposed Settlement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Settlement's Class Member Released Claims, of the preliminary Court approval of the proposed Settlement, of exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing. Class Members had adequate time to consider this information and to use the procedures identified in the Notice. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

4.      In response to the Notice of Settlement, zero Class Members objected to the Settlement and zero Class Members submitted a Request for Exclusion from the Settlement.

5.      The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Labor and Workforce Development Agency ("LWDA") fully and adequately complied with the notice requirements of the Private Attorneys General Act ("PAGA"), California Labor Code § 2699(l).

6.      The Court finds that the Settlement offers significant monetary recovery to all Class Members and finds that such recovery is fair, adequate and reasonable when balanced

against further litigation related to liability and damages issues. The Court further finds that the Parties have conducted extensive and costly investigation, informal discovery, research and litigation such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. The Court further finds that the Parties reached the Settlement as the result of intensive, serious and non-collusive, arms-length negotiations. Thus, the Court approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.

7. The Court hereby orders the Settlement Administrator to distribute the Individual Settlement Payments to Participating Class Members in accordance with the provisions of the Settlement.

8. The Court finally approves the PAGA Award as fair and reasonable and hereby orders the Settlement Administrator to distribute $60,000 of the PAGA Award to the LWDA as its 75% share of penalties under the PAGA in accordance with the provisions of the Settlement.

9. For purposes of this Final Approval Order and for this Settlement only, the Court hereby certifies the Class Members as defined in the Settlement Agreement, to include the California Class Members and the FLSA Class Members.

10. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Plaintiff Jill Bentley as the class representative for the Class Members. Further, the Court finally approves the Service Award to Plaintiff, as fair and reasonable, in the amount of Twelve Thousand Dollars ($12,000). The Court hereby orders the Settlement Administrator to distribute the Service Award to the Plaintiff in accordance with the provisions of the Settlement.

11. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of London D. Meservy, Meservy Law, P.C.,

london@meservylawpc.com, 401 West A Street, Suite 1712, San Diego, CA 92101, Telephone: 858.779.1276; Matthew S. Dente, Dente Law, P.C., matt@dentelaw.com, 5040 Shoreham Place, San Diego, CA 92122, Telephone: 619.550.3475 as Class Counsel for the Class Members. Further, the Court finally approves a Class Counsel Fees Award, as fair and reasonable, of Six Hundred and Seventy Thousand Dollars ($670,000), which will be distributed as $335,000 (or 50%) to Meservy Law, PC and $335,000 (or 50%) to Dente Law, P.C.  The Court finally approves a Class Counsel Costs Award, as fair and reasonable, of Nine Thousand One Hundred Fifty-nine Dollars and Sixty-one Cents ($9,159.61), which will be distributed as $5,365.27 to Meservy Law, PC and $3,794.34 to Dente Law, P.C. Class Counsel's receipt of the Class Counsel Fees Award and Class Counsel Costs Award shall fully satisfy all fees and litigation costs incurred by Class Counsel that represented Plaintiff and Class Members in the Action.  Defendant's payment of the Court-awarded attorneys' fees and costs shall constitute full satisfaction of Defendant's obligation to pay any person, attorney, or law firm for attorneys' fees, costs, and expenses incurred on behalf of the Plaintiff and the Class Members. The Court hereby orders the Settlement Administrator to distribute the Class Counsel Fees Award and Class Counsel Costs Award payments to Class Counsel in accordance with the provisions of the Settlement.

12. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Simpluris as the Settlement Administrator to administer the Settlement of this matter as more specifically set forth in the Settlement Agreement and further finally approves Settlement Administration Costs, as fair and reasonable, of Five Thousand Dollars ($5,000).

13. As of the Effective Date, all Participating Class Members shall be deemed to have released the Released Parties from all Class Member Released Claims, as defined in the Settlement Agreement. All Participating Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Class Member Released Claims against the Released Parties.

14. Class Member Released Claims specifically include a release by Plaintiff, on

behalf of herself, the State of California, and all allegedly affected employees of all Claims (as defined in the Settlement Agreement) under PAGA against the Released Parties. Thus, as of the Effective Date, Plaintiff, on behalf of herself, the State of California, and all allegedly affected employees, are hereby forever barred and enjoined from prosecuting the Class Member Released Claims under PAGA against the Released Parties.

15. Plaintiff's and Class Counsel's rights to Publicity are limited consistent with the terms of the Settlement Agreement, including, but not limited to, Class Counsel's right to submit declarations in other proceedings for the purposes of establishing their adequacy as class counsel by listing this case as a case in which they were certified as class counsel as long as the representation is accompanied by a statement that the certification was sought as the result of a negotiated settlement between the parties.

16. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, the Parties shall file a report with this Court certifying compliance with the terms of the Settlement.

17. Neither this Final Approval Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Final Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence against Defendant or any of the Released Parties in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, the Settlement Agreement, or any related agreement or release. Notwithstanding these

restrictions, any of the Released Parties may file in the Action or in any other proceeding this Final Approval Order, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion or similar defense.

18. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendant consistent with the terms of the Settlement, then this Final Approval Order and all orders entered in connection herewith, including without limitation any order certifying the class of Class Members, appointing class representatives or Class Counsel, shall be rendered null and void and shall be vacated.

19. Without affecting the finality of this Final Approval Order and Judgment in any way, Hon. William V. Gallo, United States Magistrate Judge for the Southern District of California, shall retain continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

20. The Clerk of the Court **SHALL ENTER JUDGMENT** dismissing this action with prejudice, for the reasons set forth in this Order and in accordance with the terms set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: June 3, 2021

Honorable Todd W. Robinson
United States District Judge